UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Beaver County Employees' Retirement Fund; Erie County Employees' Retirement System; and Luc De Wulf, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

vs.

Tile Shop Holdings, Inc.; Robert A Rucker; The Tile Shop, Inc.; Timothy C. Clayton; Peter J. Jacullo III; JWTS, Inc.; Peter H. Kamin; Todd Krasnow; Adam L. Suttin; William E. Watts; Robert W. Baird & Co. Incorporated; Citigroup Global Markets Inc.; CJS Securities, Inc.; Houlihan Lokey Capital, Inc.; Piper Jaffray & Co.; Sidoti & Company, LLC; Telsey Advisory Group LLC; and Wedbush Securities, Inc.,

Defendants.

No.: 0:14-cv-00786-ADM/TNL

**MEMORANDUM OF LAW OF THE OUTSIDE DIRECTORS AND JWTS IN SUPPORT OF THEIR MOTION TO DISMISS**

Dated: July 25, 2014

**WINTHROP & WEINSTINE, P.A.**
David P. Pearson, #0084712
Matthew C. Robinson, #0395620
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
dpearson@winthrop.com
mrobinson@winthrop.com

Attorneys for Defendants Peter J. Jacullo III, JWTS, Inc., Peter H. Kamin, Todd Krasnow, Adam L. Suttin, and William E. Watts

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ..... ii

OVERVIEW ..... 1

STATEMENT OF BACKGROUND FACTS ..... 2

**A. THE OUTSIDE DIRECTORS.** ..... 2

1. Allegations Against The Outside Directors. ..... 2

**B. JWTS.** ..... 3

1. Allegations Against JWTS. ..... 3

ARGUMENT ..... 4

**I. LEGAL STANDARD. ..... 4**

**II. PLAINTIFFS' 1933 SECURITIES ACT SECTION 11 CLAIMS ARISING FROM THE JUNE 2013 OFFERING AND ALL PLAINTIFFS' 1933 SECURITIES ACT SECTION 12(a)(2) CLAIMS SHOULD BE DISMISSED. ..... 4**

**III. THE SECTION 15 AND SECTION 20(a) CONTROL PERSON LIABILITY CLAIMS AGAINST JWTS AND THE OUTSIDE DIRECTORS SHOULD BE DISMISSED. ..... 6**

**A. The Legal Standard.** ..... 6

**B. The CAC Does Not State A Claim Against The Outside Directors Under Section 20(a).** ..... 8

**C. The Section 15 And Section 20(a) Claims Against JWTS Should Be Dismissed Because The CAC Does Not Meet The Pleading Standards For Control Person Claims.** ..... 11

**D. If The Primary Violation Claims Are Dismissed, Then The Control Person Claims Must Also Be Dismissed.** ..... 12

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

Page No.

**Cases:**

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) .......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555 (2007) .......... 4

*Burgess v. Premier Corp.*,
727 F.2d 826 (9th Cir. 1984) .......... 8, 10

*Farley v. Henson*,
11 F.3d 827 (8th Cir. 1993) .......... 7

*Feyko v. Yuhe Int'l Inc.*,
2013 WL 3467067 (C.D. Cal. July 10, 2013) .......... 5

*Food and Allied Serv. Trades Dep't, AFL-CIO v. Millfeld Trading Co., Inc.*,
841 F. Supp. 1386 (S.D.N.Y 1994) .......... 9

*Gart v. Electroscope, Inc.*,
24 F. Supp. 2d 969 (D. Minn. 1998) .......... 12

*Gustafson v. Alloyd Co.*,
513 U.S. 561 (1995) .......... 5

*Ho v. Duoyuan Global Water, Inc.*,
887 F. Supp. 2d 547 (S.D.N.Y. Aug. 24, 2012) .......... 9

*In re Digi Int'l, Inc. Secs. Litig.*,
6 F. Supp. 2d 1089 (D. Minn. 1998) .......... 7, 10

*In re Fuwei Films Secs. Litig.*,
634 F. Supp. 2d 419 (S.D.N.Y. 2009) .......... 5

*In re Gupta Corp. Secs. Litig.*,
900 F. Supp. 1217 (N.D. Cal. 1994) .......... 9

*In re Hutchinson Tech., Inc. Secs. Litig.*,
536 F.3d 952 (8th Cir. 2008) .......... 12

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*,
223 F. Supp. 2d 474 (S.D.N.Y. 2002) .......... 9

*Lee v. Ernst & Young, LLP*,
294 F.3d 969 (8th Cir. 2002) .......... 4

*Lustgraaf v. Behrens*,
619 F.3d 867 (8th Cir. 2010) .......... 6, 7, 10, 12

*Metge v. Baehler*,
762 F.2d 621 (8th Cir. 1985) .......... 6

**Statutes:**

15 U.S.C. § 77*l*(a)(2) .......... 5

15 U.S.C. § 77o(a) .......... 6

15 U.S.C. § 78t(a) .......... 6

## OVERVIEW

Peter J. Jacullo III, Peter H. Kamin, Todd Krasnow, Adam L. Suttin and William E. Watts, each of whom was an outside director of Tile Shop Holdings, Inc. ("Tile Shop" or the "Company") during the Class Period and who are Defendants in this action (hereinafter referred to collectively as the "Outside Directors"), and JWTS, Inc. ("JWTS"), submit this Memorandum in support of their motion which seeks the following relief from the Court:

1. Dismissal of Plaintiffs' 1933 Securities Act ('33 Act") Section 11 claims arising from the June 2013 Offering and all Plaintiffs' '33 Act Section 12(a)(2) claims;
2. Dismissal of the Securities Exchange Act of 1934 (" '34 Act") Section 20(a) control person liability claims asserted against the Outside Directors and JWTS;
3. Dismissal of the '33 Act Section 15 control person liability claim asserted against JWTS.

Dismissal of the Section 11 and Section 12(a)(2) claims is proper because, as a matter of law, Plaintiffs' allegations in the Consolidated Amended Complaint ("CAC") do not meet the "tracing" requirements which are prerequisites to these claims. Plaintiffs' Section 15 and Section 20(a) control person liability claims should be dismissed because the CAC has not pled necessary facts establishing that the Outside Directors or JWTS are control persons. Accordingly, these claims must also be dismissed.

## STATEMENT OF BACKGROUND FACTS[1]

### A. THE OUTSIDE DIRECTORS.

Peter J. Jacullo III, Peter H. Kamin, Todd Krasnow, Adam L. Suttin and William E. Watts are, and were, outside directors of Tile Shop during the Class Period and at the time of the Tile Shop Offerings.[2] (CAC ¶¶ 19, 21-24)

#### 1. Allegations Against The Outside Directors.

Plaintiffs have asserted a claim against the Outside Directors for violations of Section 11 of the ’33 Act related to allegedly inaccurate and misleading statements regarding related party transactions contained in the Registration Statements for the Offerings. (CAC Count I) Plaintiffs have also asserted control person liability claims under Section 20(a) of the ’34 Act alleging that each Outside Director was a control person subject to secondary liability for the alleged primary violations of Section 10(b) of the ’34 Act based on alleged misrepresentations contained in SEC filings and press releases. (CAC Counts III and V)

The sole allegations regarding the Outside Directors’ involvement in or control over the operations of the Company are that, by reason of their position in the Company,

[1] The facts giving rise to this lawsuit and the claims asserted in the CAC have been thoroughly discussed by the underwriters in the Underwriter Defendants’ Memorandum of Law in Support of Their Partial Motion to Dismiss the Consolidated Amended Complaint (“Underwriter Defendants’ Memorandum”) and in the Memorandum of Defendants’ Tile Shop Holdings, Inc., Robert A. Rucker, The Tile Shop, Inc. and Timothy C. Clayton; i.e., the Tile Shop Defendants’ Memorandum in Support of Motion to Dismiss (“Tile Shop Defendants’ Memorandum”), and therefore the Outside Directors and JWTS will confine their discussion of the background facts to a brief review of the facts and allegations relevant to the relief which they seek by this Motion.

[2] “Offerings” collectively refers to Tile Shop’s December 2012 and June 2013 secondary public offerings.

i.e., outside directors, and their ownership of stock, each Outside Director is liable as a control person. (*See* CAC ¶¶ 19-24, 221-222) Conspicuously absent from the CAC are any factual allegations whatsoever about the Outside Directors' actual exercise of control over the general operations of Tile Shop, or their power and ability to determine the specific acts or omissions underlying the alleged primary violations of federal securities law. (*Id.*)

**B. JWTS.**

The CAC alleges that JWTS is a Delaware corporation. (CAC ¶ 20) Plaintiffs have alleged that JWTS owned shares of Tile Shop stock and that it is wholly owned by Jacullo. (CAC ¶¶ 19, 20) Plaintiffs have also alleged that Jacullo is the sole director of JWTS and has voting and investment power over JWTS' Tile Shop Shares. (*Id.*)

**1. Allegations Against JWTS.**

Plaintiffs have asserted a claim against JWTS for violation of Section 12(a)(2) of the '33 Act related to the sale of Tile Shop stock by means of defective prospectuses. (CAC Count II) Plaintiffs have also asserted control person liability claims under Section 15 of the '33 Act and Section 20(a) of the '34 Act alleging that JWTS was a control person subject to secondary liability for the alleged underlying violations of Section 11 and Section 12(a)(2) of the '33 Act and Section 10(b) of the '34 Act. (CAC Counts III and V)

The CAC is completely devoid of any allegations regarding JWTS' actual exercise of control over the general operations of Tile Shop, or its power and ability to determine the specific acts or omissions underlying the alleged primary violations of federal

securities law. (*See* CAC ¶¶ 20, 221, 230) Like the control person allegations against the Outside Directors, the CAC makes only conclusory, nonspecific allegations that JWTS is a control person which are not sufficient to state a claim against JWTS. (*Id*.)

## ARGUMENT

### I. LEGAL STANDARD.

A complaint must allege facts that "raise a right to relief above the speculative level" to survive a motion to dismiss for failure to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions and naked assertions are given no weight. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a well-pleaded complaint does not permit the court to "infer more than the mere possibility of misconduct," the complaint fails to satisfy requisite pleading requirements and should be dismissed. (*Id*. at 556)

### II. PLAINTIFFS' 1933 SECURITIES ACT SECTION 11 CLAIMS ARISING FROM THE JUNE 2013 OFFERING AND ALL PLAINTIFFS' 1933 SECURITIES ACT SECTION 12(a)(2) CLAIMS SHOULD BE DISMISSED.

Plaintiffs' Section 11 and Section 12(a)(2) of the '33 Act claims should be dismissed because Plaintiffs lack standing to bring such claims. In order to have standing for a claim under Section 11 of the '33 Act, a plaintiff must prove that the purchase of its security is "traceable" to the challenged registration statement at issue. *See Lee v. Ernst & Young, LLP*, 294 F.3d 969, 977-78 (8th Cir. 2002). Thus, a putative plaintiff who alleges defects in a registration statement must affirmatively allege facts to demonstrate that he or she purchased the security under the registration statement at

issue, or can "trace" the purchased securities to the particular registration statement claimed to be defective. *Id.*

Establishing standing under Section 12(a)(2) proves even more restrictive. No remedy is provided under Section 12(a)(2) for the purchase of shares in the aftermarket; thus, a plaintiff must allege and establish that his or her security was purchased in the initial public offering of those securities. *See* 15 U.S.C. § 77*l*(a)(2); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 578 (1995); *In re Fuwei Films Secs. Litig.*, 634 F. Supp. 2d 419, 445 (S.D.N.Y. 2009) (dismissing all § 12(a)(2) claims with respect to securities not purchased in the initial public offering).

A plaintiff who fails to sufficiently allege facts that his or her securities are "traceable" to the challenged registration statement or offering lacks standing to bring a Section 11 or Section 12(a)(2) '33 Act claim. A mere conclusory allegation that a security purchase is traceable to the offering at issue, absent more, is not sufficient to state a claim. *See, e.g., Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2013 WL 3467067, *2 (C.D. Cal. July 10, 2013) ("[C]onclusory allegations in the complaint that the shares are traceable will not suffice.").

Here, the CAC does not allege specific facts establishing that Plaintiffs purchased securities in the June 2013 Offering, and Plaintiffs cannot meet the pleading requirements for the 12(a)(2) claims arising from either the December 2012 Offering or the June 2013 Offering. (*See generally* CAC) For these reasons, and for the reasons discussed in the respective memoranda of the Underwriter Defendants and the Tile Shop Defendants, Plaintiffs have not met and cannot meet either the standing requirements or the pleading

requirements for Section 11 claims based on the June 2013 Offering or any of the asserted Section 12(a)(2) claims. The Outside Directors and JWTS hereby join in the Underwriter Defendants' Motion and in the Tile Shop Defendants' Motion and respectfully request that the Court dismiss these claims.

## III. THE SECTION 15 AND SECTION 20(a) CONTROL PERSON LIABILITY CLAIMS AGAINST JWTS AND THE OUTSIDE DIRECTORS SHOULD BE DISMISSED.

Count III and Count V of the CAC assert control person liability claims under Section 15 of the '33 Act (Count III) and Section 20(a) of the '34 Act (Count V) which provide liability for those who directly or indirectly control a primary violator of the federal securities laws. 15 U.S.C. § 77o(a); 15 U.S.C. § 78t(a). Counts III and V should be dismissed with respect to JWTS and the Outside Directors because the CAC's vague, nonspecific, conclusory allegations fail to state a claim against these Defendants.

### A. The Legal Standard.

To properly plead a control person liability claim, a plaintiff must allege specific facts that: (1) a "primary violator" violated the federal securities laws; (2) "the alleged control person actually exercised control over the general operations of the primary violator"; and (3) "the alleged control person possessed—but did not necessarily exercise—the power to determine the specific acts or omissions upon which the underlying violation is predicated." *Lustgraaf v. Behrens,* 619 F.3d 867, 873 (8th Cir. 2010). To meet this standard, a plaintiff must allege facts "demonstrating that the alleged control person 'actually exercised' control over the primary violator's general operations…." *Id.* at 878 (*quoting Metge v. Baehler*, 762 F.2d 621, 631 (8th Cir. 1985)).

In requiring a showing of "actual control," the Eighth Circuit employs a stringent pleading standard and requires allegations of facts which demonstrate actual control over the acts on which the primary violation is predicated. *Id.* Finally, although the secondary liability provisions contained in the '33 Act and '34 Act differ slightly, "the same test for control-person liability applies to claims under either Act." *Farley v. Henson*, 11 F.3d 827, 835 (8th Cir. 1993). A complaint that fails to specifically allege a control person's actual exercise of control, or his or her ability to determine the specific acts or omissions underlying the primary violation, is subject to dismissal. *See, e.g., Lustgraaf*, 619 F.3d at 879; *In re Digi Int'l, Inc. Secs. Litig.*, 6 F. Supp. 2d 1089, 1101-02 (D. Minn. 1998).

In *Lustgraaf v. Behrens*, the Eighth Circuit affirmed the district court's dismissal of Section 20(a) control person liability claims asserted against a defendant because the complaint failed to allege specific facts establishing that defendant's *actual control*. 619 F.3d at 879. In applying the control person pleading standards, the Eighth Circuit held that the allegations contained in the complaint showed, at most, the defendant's ability to control the primary violator, but the court emphasized that the complaint failed to show that the defendant "actually exercised control" over the primary violator's general operations. *Id.* at 878. In dismissing the claim, the court held, "Without further allegations as to [defendant's] **actual exercise of control** over [the primary violator's] general operations, § 20(a) and our case law interpreting that provision do not permit extension of control-person liability to [defendant]." *Id.* at 877 (emphasis added).

Similarly, in *In re Digi International, Inc. Securities Litigation*, the United States District Court for the District of Minnesota dismissed the plaintiff's Section 20(a) control

person claim with respect to the Vice President of the alleged primary violator because the allegations against him failed to "identify how or whether [defendant] had control over the general operations of [the primary violator] or knowledge of disclosures or transactions outside his area." 6 F. Supp. 2d 1089, 1101-02 (D. Minn. 1998). Thus, allegations of actual control are required to plead a claim for control person liability.

### B. **<u>The CAC Does Not State A Claim Against The Outside Directors Under Section 20(a)</u>.**

The CAC alleges in Count V that the Outside Directors have Section 20(a) control person liability arising from primary violations of the '34 Act, violations which include allegedly false and misleading press releases and various SEC filings, including 10-Qs, a 10-K and a 14A. (*See* CAC ¶¶ 123-158) But the CAC does not allege specific facts to meet the requisite pleading standards for control person liability, and instead merely recites conclusory, nonspecific allegations that the Outside Directors, simply "by reason of [their] positions with the Company," were control persons. (*Id*. at ¶ 230)

These conclusory allegations—the Outside Directors are control persons by virtue of their director status—are not sufficient to state a claim. In evaluating control person liability claims against directors, federal courts routinely require specific allegations related to a directors' actual involvement with, and control over, the alleged primary violator. In other words, "A director is not automatically liable as a controlling person." *Burgess v. Premier Corp*., 727 F.2d 826, 832 (9th Cir. 1984). A complaint asserting Section 20(a) liability against outside directors must allege facts that the individual director had the power to control and did exercise control over the primary violators; bare

allegations that a director is a controlling person because of his/her status as a director are legally insufficient. *Food and Allied Serv. Trades Dep't, AFL-CIO v. Millfeld Trading Co., Inc.*, 841 F. Supp. 1386, 1391-92 (S.D.N.Y 1994) (granting motion to dismiss § 20(a) claims against the primary violator's director and stating "bare allegations of director status, without more, is insufficient") (*abrogated on other grounds*, *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 223 F. Supp. 2d 474 (S.D.N.Y. 2002); *In re Gupta Corp. Secs. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) (granting motion to dismiss § 20(a) claims against outside directors for failure to allege facts suggesting "real control or influence" of the primary violator, stating "[t]he status of [defendants] as outside directors is insufficient to make them control persons. Directors are not automatically liable as controlling persons."); *Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547, 578 (S.D.N.Y. Aug. 24, 2012) (dismissing § 20(a) claims against directors where Plaintiffs' conclusory allegations, "merely recit[ing] the educational and professional experiences, and committee memberships of each of these Directors and conclud[ing] that these facts establish[ed] their ability to control [the primary violator]" were insufficient to allege requisite control under Section 20(a)). As a matter of law, the Outside Directors' status as directors, absent more, is not sufficient to state a claim for control person liability.

The CAC's allegations about the basis for control person liability on the part of the Outside Directors are legally deficient because Plaintiffs have failed to allege facts about the Outside Directors' actual exercise of control over a primary violator, or their ability to determine specific acts or omissions which form the basis for the primary violations

alleged in the CAC. (*See generally* CAC ¶¶ 19-24, 123-158, 230) Indeed, the only pertinent allegations related to Messrs. Jacullo, Kamin, Watts, Krasnow and Suttin are that they: (1) are non-officer directors of Tile Shop, (2) sold shares in one or both of Tile Shop's offerings, and (3) signed the allegedly misleading registration statements. (CAC ¶¶ 19, 21-24)

Tellingly absent from Plaintiffs' allegations, and fatal to their control person claims, are any allegations related to (1) the Outside Directors' involvement in the day-to-day operations of Tile Shop; or (2) their actual exercise of control over the preparation of the allegedly misleadingly SEC filings and press releases. In particular, the CAC contains no allegation that the Outside Directors had the power to, or did, control the content of press releases or SEC filings regarding related party transaction disclosures by Mr. Rucker or the Company. (*See* CAC ¶ 230)

As *Lustgraaf* and *Digi International* instruct, a complaint, such as Plaintiffs' here, that fails to proffer allegations related to the control person's actual exercise of control or ability to determine specific acts does not sufficiently plead control person liability and should be dismissed. Moreover, as is made clear by *Burgess* and similar cases across the Circuits, the Outside Directors' status as directors is not sufficient to confer control person liability. Accordingly, the Section 20(a) control person claims against the Outside Directors should be dismissed.

**C. <u>The Section 15 And Section 20(a) Claims Against JWTS Should Be Dismissed Because The CAC Does Not Meet The Pleading Standards For Control Person Claims</u>.**

The CAC alleges control person liability against JWTS under Section 15 of the '33 Act arising from alleged false statements or omissions in the registration statements and prospectuses filed in connection with the Offerings. (*See* CAC ¶¶ 1, 103-122) The CAC also alleges control person liability against JWTS under Section 20(a) of the '34 Act arising from press releases dated August 22, 2012, November 1, 2012, February 20, 2013, and May 1, 2013; 10-Q filings dated November 9, 2012, August 8, 2013 and November 6, 2013; a Form 10-K dated March 18, 2013; and a Schedule 14A filing dated June 13, 2013. (*See* CAC ¶¶ 123-158)

The CAC falls short of stating a control person liability claim against JWTS under either Section 15 or Section 20(a). There are no allegations whatsoever that JWTS "actually exercised control over the general operations" of a primary violator or "possessed…the power to determine the specific acts or omissions upon which the underlying violation is predicated," i.e., the registration statements and prospectuses, the SEC filings, and the press releases which are alleged to be false or misleading and on which the primary violation claims are based. Indeed, Plaintiffs allege that JWTS is nothing more than a passive investment vehicle. (CAC. ¶¶ 19-20)

The full extent of the allegations about JWTS are that (1) JWTS is a Delaware corporation which owned Tile Shop shares and which was in turn owned by Jacullo; (CAC ¶ 20), (2). that Jacullo had voting power over JWTS, and (3) that JWTS sold shares in Tile Shop offerings. (Id.) None of these allegations is legally sufficient to confer

control person liability upon JWTS under either Section 15 or Section 20(a). *Lustgraaf*, 619 F.3d at 877-78.

Plaintiffs have not sufficiently alleged that JWTS is a control person under Section 15 or Section 20(a), and therefore Counts III and V against JWTS should be dismissed.

**D. If The Primary Violation Claims Are Dismissed, Then The Control Person Claims Must Also Be Dismissed.**

As the Underwriter Defendants and the Tile Shop Defendants have demonstrated in their respective memoranda of law, Plaintiffs have not properly pleaded claims under Section 11 arising from the June 2013 Offering, nor properly pleaded any claims arising under Section 12(a)(2) of the ’33 Act or Section 10(b) of the ’34 Act. The Outside Directors and JWTS join in the motions of the Underwriter Defendants and the Tile Shop Defendants in seeking dismissal of these claims. If the primary violation claims are dismissed, then, under applicable law, the Section 15 and Section 20(a) control person claims against the Outside Directors and JWTS must be dismissed as well. *In re Hutchinson Tech., Inc. Secs. Litig.* 536 F.3d 952, 961 (8th Cir. 2008) (1934 Act); *Gart v. Electroscope, Inc.*, 24 F. Supp. 2d 969, 975 (D. Minn. 1998) (1933 Act).[3]

[3] If the Court grants the motions brought by all the Defendants, then the only remaining claims against the Outside Directors would be the Section 11 claims and Section 15 claims arising from the December, 2012 Offering, and all claims against JWTS would be dismissed.

## CONCLUSION

For the reasons stated herein, the Outside Directors and JWTS respectfully ask the Court to grant this Motion.

Dated: July 25, 2014

WINTHROP & WEINSTINE, P.A.

By: s/ David P. Pearson

David P. Pearson, #0084712
Matthew C. Robinson, #0395620

225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
dpearson@winthrop.com
mrobinson@winthrop.com

Attorneys for Defendants Peter J. Jacullo III, JWTS, Inc., Peter H. Kamin, Todd Krasnow, Adam L. Suttin, and William E. Watts

9313878v7