UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BEAVER COUNTY EMPLOYEES' RETIREMENT FUND; ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM; and LUC DE WULF, Individually and on Behalf of All Others Similarly Situated, | Civ. No. 0:14-cv-00786-ADM-TNL<br><br>CLASS ACTION |
| Plaintiffs,<br>vs. | Hearing Date: December 10, 2015<br>Time: 10:00 a.m.<br>Courtroom: 3B |
| TILE SHOP HOLDINGS, INC., ROBERT A. RUCKER, THE TILE SHOP, INC., TIMOTHY C. CLAYTON, PETER J. JACULLO III, JWTS, INC., PETER H. KAMIN, TODD KRASNOW, ADAM L. SUTTIN AND WILLIAM E WATTS; ROBERT W. BAIRD & CO. INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; CJS SECURITIES, INC., HOULIHAN LOKEY CAPITAL, INC.; PIPER JAFFRAY & CO.; SIDOTI & COMPANY, LLC; TELSEY ADVISORY GROUP LLC; and WEDBUSH SECURITIES, INC., | **PUBLIC VERSION** |
| Defendants. | |

DECLARATION OF WILLIAM J. GEDDISH IN SUPPORT
OF LEAD PLAINTIFFS' MOTION TO COMPEL
AND MEET-AND-CONFER STATEMENT

I, WILLIAM J. GEDDISH, declare as follows:

1.  I am an attorney duly licensed to practice law before the courts of the State of New York and am admitted *pro hac vice* in this action. I am associated with the law firm of Robbins Geller Rudman & Dowd LLP, co-lead counsel for Lead Plaintiffs, and I submit this declaration in support of Lead Plaintiffs' Motion to Compel the Production of Documents by the Tile Shop Defendants,[1] as well for the purpose of submitting exhibits referenced in the accompanying memorandum of law and, pursuant to Local Civil Rule 7.1, to set forth the parties' efforts to resolve the matters addressed in this motion. I have personal knowledge of the matters discussed herein.

## MEET-AND-CONFER STATEMENT

2.  On June 29, 2015, Plaintiffs served their First Request for the Production of Documents (the "RFP") to the Tile Shop Defendants. The RFP contains requests for the production of documents covering an array of relevant subjects, including the Tile Shop Defendants' role in forming, operating and controlling Beijing Pingxiu ("BP"); the role of Jian Zhang and Pan Zhang (the "Zhangs") in BP; and communications regarding the Zhangs.

3.  The specific document requests implicated in this motion seek, in relevant part, the following discovery:

---

[1] For the purposes of this motion, the Tile Shop Defendants are defendants Tile Shop Holdings, Inc. ("Tile Shop"), Robert Rucker, The Tile Shop, Inc. and Timothy Clayton.

- **Request No. 2**: documents concerning meetings of Tile Shop's Board of Directors regarding BP or the Zhangs[2];

- **Request No. 5**: documents concerning any relationship with BP or the Zhangs, including communications with them and the ownership or management of BP;

- **Request No. 10**: documents concerning BP, including invoices and materials showing defendants' access to information concerning BP;

- **Request No. 11**: documents concerning travel to China by Nishi, or any Board member or executive of Tile Shop, regarding meetings with BP or the Zhangs, and all materials reviewed, sent or received during any such trips;

- **Request No. 12**: documents concerning any efforts by or on behalf of Tile Shop to form, operate or control BP; and

- **Request No. 37**: documents sufficient to show the nature, date and substance of any meeting concerning BP or the Zhangs.

4. On July 29, 2015, the Tile Shop Defendants served responses and objections to the RFP, including with respect to the above requests. For several months thereafter, the parties met and conferred by telephone and email numerous times in an effort to resolve their disputes concerning the RFP, including on September 3, 9, 16, 25, and 30 and October 6, 8, and 9, 2015. These meet-and-confers are memorialized, in part, in communications attached to this Declaration. Although the parties resolved a number of disputes during this process, they were, and have been, unable to resolve any aspect of the dispute at issue on this motion.

---

[2] For purposes of this motion, the term "Related Party" used in the document requests means BP and/or the Zhangs. Thus, the summary of these requests substitutes BP and/or the Zhangs in place of the term Related Party.

# EXHIBITS

5.  In support of this motion, attached are true and correct copies of the following documentary exhibits:

Exhibit A:  Lead Plaintiffs' First Request for the Production of Documents to Defendants Tile Shop Holdings, Inc., Robert A. Rucker, The Tile Shop, Inc., Timothy C. Clayton, Peter J. Jacullo III, JWTS, Inc., Peter H. Kamin, Todd Krasnow, Adam L. Suttin and William E. Watts, dated June 29, 2015.

Exhibit B:  The Tile Shop Defendants' Written Response to Lead Plaintiffs' First Request for the Production of Documents, dated July 29, 2015.

Exhibit C:  Email dated October 6, 2015 from Stacey Kaplan of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to Wendy J. Wildung and Justin P. Krypel of Faegre Baker Daniels LLP ("Faegre Baker"), among others.

Exhibit D:  Email dated October 9, 2015 from Stacey Kaplan of Kessler Topaz to Wendy J. Wildung and Justin P. Krypel of Faegre Baker, among others.

Exhibit E:  Email dated October 15, 2015 from Wendy J. Wildung of Faegre Baker to Stacey Kaplan of Kessler Topaz, among others.

Exhibit F:  Piper Jaffray analyst report entitled *Tile Shop: Meetings with Management Result in Greater Understanding of Recent Concerns; Remain OW*, dated November 20, 2013.

Exhibit G:  Analyst notes produced by Stifel, Nicolaus & Co., Inc., designated as STIFEL-13-15. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit H:  Excerpts from The Tile Shop Defendants' Written Responses to Lead Plaintiffs' First Set of Requests for Admissions, dated September 28, 2015. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit I:  Excerpts from Separate Answer of Defendant Tile Shop Holdings, Inc., dated April 2, 2015 (Doc. No. 119).

Exhibit J:  Excerpts from Separate Answer of Defendants The Tile Shop, Inc. and Robert A. Rucker, dated April 2, 2015 (Doc. No. 120).

Exhibit K: Expense and travel records produced by the Tile Shop Defendants, designated as Tile Shop 5037-41; Tile Shop 5140-43; Tile Shop 5717-21; Tile Shop 5033-36; and Tile Shop 4973-74. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit L: The Tile Shop Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), dated June 1, 2015.

Exhibit M: Information regarding Beijing Pingxiu produced by Fumitake Nishi, designated as NISHI-27-28.

Exhibit N: Tile Shop travel records produced by the Tile Shop Defendants, designated as Tile Shop 5306-16. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit O: Gotham City Research LLC report entitled *Tile Shop: Like Crazy Eddie's, but with an Undisclosed Related Party & a Chinese Twist*, dated November 14, 2013.

Exhibit P: Tile Shop Holdings, Inc. press release entitled *The Tile Shop Responds to Report on Related Party Transactions*, dated November 14, 2013.

Exhibit Q: Tile Shop Holdings, Inc. Form 8-K, filed with the SEC on January 28, 2014.

Exhibit R: CHRistal Lines bill of lading, designated as Beijing Pingxiu 10475-76. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit S: Excerpt of Fumitake Nishi document production, dated July 31, 2015, designated as NISHI-1, 6, 31.

Exhibit T: Tile Shop Holdings, Inc. Board of Directors Meeting Minutes, dated November 21, 2013, designated as Tile Shop 2-4. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit U:   Redacted excerpt of Fumitake Nishi's credit report, produced by non-party Provident Funding and designated as PROVIDENT-450.[3] **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit V:   Corporate documents received from the Minnesota Secretary of State regarding China Link Consultants, Inc.

Exhibit W:   Tile Shop Holdings, Inc. Board of Directors Audit Committee Meeting Minutes, dated February 12, 2014, designated as Tile Shop 573-76. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit X:   Excerpts from Tile Shop Holdings, Inc. Form 10-K, filed with the SEC on February 27, 2015.

Exhibit Y:   Tile Shop Holdings, Inc. Disclosure Committee Minutes, dated November 9, 2012, designated as Tile Shop 464. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit Z:   Tile Shop Holdings, Inc. Board of Directors Meeting Minutes, dated September 11, 2012, designated as Tile Shop 86-88. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit AA:  LinkedIn profile of Hasim Khorakiwala.

Exhibit BB:  Resume of James A. Beukelman.

Exhibit CC:  Wire Transfer of Funds Forms produced designated as Beijing Pingxiu 20549-566, 88084-88101. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

Exhibit DD:  *Curriculum Vitae* of Fumitake Nishi and Degree of Master of Engineering from Tohoku University, designated as NISHI-66 and NISHI-3, respectively.

---

[3]   To present the disclosure of sensitive information that is irrelevant to this motion, we redacted a social security number and credit entries in this document.

Exhibit EE:   Wire Transfer of Funds Form directing payment to China Construction Bank, dated October 3, 2013, produced by Baker Tilly Virchow Krause, LLP and designated as BTVK 4151. **EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED JULY 2, 2015 (DOC. 147)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of November, 2015, at Melville, New York.

*s/ William J. Geddish*
William J. Geddish