# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BEAVER COUNTY EMPLOYEES' RETIREMENT FUND; ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM; and LUC DE WULF, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TILE SHOP HOLDINGS, INC.; ROBERT A. RUCKER; THE TILE SHOP, INC.; TIMOTHY C. CLAYTON; PETER J. JACULLO III; JWTS, INC.; PETER H. KAMIN; TODD KRASNOW; ADAM L. SUTTIN; WILLIAM E. WATTS; ROBERT W. BAIRD & CO. INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; CJS SECURITIES, INC.; HOULIHAN LOKEY CAPITAL, INC.; PIPER JAFFRAY & CO.; SIDOTI & COMPANY, LLC; TELSEY ADVISORY GROUP LLC; and WEDBUSH SECURITIES, INC., <br><br> Defendants. | Case No. 0:14-cv-00786-ADM-TNL |

## **ORDER FOR FINAL JUDGMENT**

**WHEREAS,** the Parties to the above-described class action (the "Action") entered into the Stipulation of Settlement dated as of January 13, 2017 (the "Stipulation" or "Settlement"); and

**WHEREAS,** the Court previously, pursuant to a Memorandum and Order [Docket No. 275] dated July 28, 2016, certified the Action to proceed as a class action pursuant to

Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all Persons who purchased or otherwise acquired Tile Shop Holdings, Inc. ("Tile Shop") common stock between August 22, 2012 and January 28, 2014, inclusive (the "Class"). For purposes of the Settlement, the Parties have agreed to exclude from the Class: (a) Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant, (b) Fumitake Nishi, and (c) any Persons who submit valid and timely requests for exclusion pursuant to the Notice ordered by the Court; and

**WHEREAS,** the Court appointed Beaver County Employees' Retirement Fund, Erie County Employees' Retirement System, and Luc DeWulf ("Lead Plaintiffs") as class representatives, and Kessler Topaz Meltzer & Check, LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel; and

**WHEREAS,** on January 19, 2017, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice and Settlement Hearing [Docket No. 384] ("Preliminary Approval Order"), which, inter alia: (i) preliminarily approved the Settlement; (ii) approved the forms and manner of notice of the Action and Settlement to members of the Class ("Class Members"); (iii) directed that appropriate notice of the Action and Settlement be given to the Class; and (iv) set a hearing date to consider final approval of the Settlement; and

**WHEREAS,** notice of the Settlement was provided to Class Members in accordance with the Court's Preliminary Approval Order, including by individual mailed

notice to all Class Members who could be reasonably identified and by publication of a summary notice in *The Wall Street Journal* and over a national newswire service; and

**WHEREAS,** notice of the Settlement was mailed to federal officials and state officials as described in 28 U.S.C. §1715; and

**WHEREAS,** on May 3, 2017, at 10:00 a.m., at the United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415, The Honorable Ann D. Montgomery held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Class ("Settlement Hearing"); and

**WHEREAS,** based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

B.  This Order incorporates the definitions in the Stipulation of Settlement [Docket No. 381] (the "Stipulation"), and all terms used in this Order have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

C.  The Notice and Summary Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances of this Action, and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all Persons entitled to notice. The notices

fully satisfied the requirements of due process, 15 U.S.C. §78u-4(a)(7), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.

D. The notice to federal officials and state officials, as given, complied with 28 U.S.C. §1715.

E. "The policy in federal court of favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." White v. Nat'l Football League, 822 F. Supp. 1389, 1416 (D. Minn. 1993). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action settlement agreement must be "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e)(2). To determine whether a class action settlement satisfies these standards, the court must consider: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005). Additionally, the Eighth Circuit recognizes that "'strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.'" Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1148 (8th Cir. 1999) (quoting Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1, 921 F.2d 1371, 1388 (8th Cir. 1990)). Moreover, courts in the Eighth Circuit have held that "there is a presumption of fairness when a settlement is negotiated at arm's length by well informed counsel." In re Charter Commc'ns, Inc. Sec. Litig., No. 02-1186, 2005 WL 4045741, at *5 (E.D. Mo. June 30, 2005); see also In re Zurn Pex Plumbing Prods. Liab. Litig., No. 08-1958, 2012 WL 5055810, at *6 (D. Minn.

Oct. 18, 2012) ("There is usually a presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for approval.").

The Settlement is presumptively valid. It is the product of substantial expertise and diligence of both plaintiff and defense attorneys aided by several third-party mediators with specialized experience in settling securities class action cases. Prior to reaching Settlement, the parties litigated this case for more than two years. The parties engaged in extensive motion practice, summary judgment motions were fully briefed, and a trial date had been set. The assistance of a neutral, well-respected mediator to close out the settlement negotiations further demonstrates that the Settlement was fairly and honestly negotiated.

    a. **Merits of Case vs. Settlement Terms**

Even if the Settlement was not presumptively valid, this Settlement satisfies the fairness criteria established by the Eighth Circuit. The critical consideration is the strength of Plaintiffs' case on the merits versus the amount offered in the Settlement. See Petrovic, 200 F.3d at 1150. In deciding on the merits, the Court need not "go beyond an amalgam of delicate balancing, gross approximation, and rough justice." White, 822 F. Supp. at 1417 (internal quotations and citation omitted).

The merits of Plaintiffs' case were strong but were not without considerable challenges. This case involves allegations that Defendants either intentionally or recklessly made false and misleading statements to, and concealed material from, the investors of Tile Shop, which caused the Company's common stock to trade at artificially

inflated prices during the Class Period.  To succeed on their claims, Plaintiffs first needed to establish liability, which required proving that Defendants acted with scienter and that the omissions were material.  If Plaintiffs were successful in establishing liability, they faced significant risks establishing causation and damages.  The parties had retained highly qualified experts whose damages assessments were at considerable variance.  Faced with the uncertainty of a jury trial, there existed the real possibility that the amount of damages the Class would actually recover would be zero or only a fraction of the damages Class Representatives contended.  See, e.g., In re Warner Commc'ns Sec. Litig., 618 F. Supp. 735, 744–45 (S.D.N.Y. 1985) (approving settlement where "it is virtually impossible to predict with any certainty which testimony would be credited, and ultimately, which damages would be found to have been caused by actionable, rather than the myriad nonactionable factors such as general market conditions"), aff'd, 798 F.2d 35 (2d Cir. 1986).

The Settlement Amount is within the range of reasonableness.  The $9.5 million obtained for the benefit of the Class represents a recovery of approximately 6.8% to 9.5% of Class Representatives' damages expert's estimate of the Class' maximum provable damages.  This range both exceeds the median recovery of estimated damages in similar securities class actions settled in 2016, as well as the median settlement as a percentage of estimated damages in the Eighth Circuit from 2007 through 2016.  See Laarni T. Bulan, Ellen M. Ryan & Laura E. Simmons, Securities Class Action Settlements: 2016 Review and Analysis at 7, 23, Fig. 6, Appx. 3 (Cornerstone Research 2017).  Therefore, this factor strongly supports the Settlement's approval.

b. Defendants' Financial Condition

Defendants have the financial ability to comply with the terms of the Settlement Agreement. And, even if Defendants could pay a sum larger than the Settlement Amount, this does not fatally impair the reasonableness of the Settlement. See Petrovic, 200 F.3d at 1152 (noting, while defendant "could pay more than it is paying in this settlement, this fact, standing alone, does not render the settlement inadequate."). This factor weights in favor of approval.

c. **Complexity and Expense of Further Litigation**

Generally, class actions "place an enormous burden of costs and expense upon [ ] parties." Marshall v. Nat'l Football League, 787 F.3d 502, 512 (8th Cir. 2015) (quoting Schmidt v. Fuller Brush Co., 527 F.2d 532, 535 (8th Cir. 1975)). This case is no exception. "While all cases carry the potential for uncertain verdicts, securities cases in particular are complex and difficult to prove." In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 257 (E.D. Va. 2009).

The claims being pursued by Class Representatives involved complex legal and factual issues, including those related to due diligence in securities offerings, the materiality of related-party transaction violations, loss causation, and damages, each of which required expert reports and testimony. The parties' summary judgment and Daubert briefing was extensive and required a substantial investment of the parties' resources and time.

Assuming Class Representatives successfully opposed Defendants' motion for summary judgment, a trial in this case would likely have taken weeks, and would have

been complicated. See In re AOL Time Warner, Inc., No. 02-5575, 2006 WL 903236, at *8 (S.D.N.Y. April 6, 2006) (due to their "notorious complexity," securities class actions often settle to "circumvent[ ] the difficulty and uncertainty inherent in long, costly trials"). Even if Class Representatives were successful at trial, the likely post-trial motions and appeals would have taken years to resolve, during which time the Class would have received no distribution of any damages award. Accordingly, this factor also supports final approval of the Settlement.

d. **Opposition to the Settlement**

Of the over 41,000 Notices that the Court-approved claims administrator, Gilardi & Co. LLC, sent to potential Class Members or their nominees, no objections were received and only three individuals requested exclusion from the Class. See Supp. Sylvester Decl. [Docket No. 403]. This strongly weighs in favor of approving the Settlement.

e. **Conclusion**

The four factors for determining whether a class action settlement is fair, reasonable, and adequate each support final approval. Accordingly, the Settlement is approved and the parties are directed to implement the Settlement Agreement according to its terms and provisions.

F.  Lead Plaintiffs have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.  The Persons who have timely and validly requested exclusion from the Class are identified in Exhibit 1 attached hereto ("Excluded Persons").

H. Lead Plaintiffs and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation.

I. During the course of the Action, all Parties and their respective counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

a. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable and adequate to the Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Stipulation.

b. All Parties to this Action, and all Class Members, are bound by the Settlement as set forth in the Stipulation and this Order. Excluded Persons identified in Exhibit 1 are no longer parties to this Action, and are not bound by the Stipulation or the Settlement.

c. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

d. Lead Plaintiffs and all Class Members are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Tile Shop Holdings, Inc., Robert A. Rucker, The Tile Shop, Inc., Timothy C. Clayton, Peter J. Jacullo, III, JWTS, Inc., Peter H. Kamin, Todd Krasnow, Adam L. Suttin, William E. Watts, Robert W. Baird & Co. Incorporated, Citigroup Global Markets, Inc., CJS Securities, Inc., Houlihan Lokey Capital, Inc., Piper Jaffray &

Co., Sidoti & Company, LLC, Telsey Advisory Group LLC, and Wedbush Securities, Inc., all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, members, agents, partners, representatives, spouses, heirs, executors, administrators, and insurers (including the Insurers) (all of them are the "Defendants' Released Parties"), with respect to any and all claims, actions, causes of action, rights or liabilities, whether arising out of state, federal, foreign, or common law, including Unknown Claims, of any Lead Plaintiff or Class Member, which exist or may exist against any of the Defendants' Released Parties by reason of any matter, event, cause or thing whatsoever arising out of, relating to, or in any way connected with: (a) the purchase, acquisition, sale, or disposition of Tile Shop common stock during the Class Period; and (b) any facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that were or could have been alleged in the Action (all of the foregoing are "Released Plaintiffs' Claims").

e. Lead Plaintiffs and all Class Members are hereby barred and permanently enjoined from commencing, instituting, asserting, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Plaintiffs' Claims against any or all of the Defendants' Released Parties.

f. Defendants are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged

Lead Plaintiffs and Plaintiffs' Counsel, of and from any and all claims, actions, causes of action, rights or liabilities, whether arising out of state, federal, foreign, or common law, including Unknown Claims, of any Defendant against Lead Plaintiffs or Plaintiffs' Counsel that solely arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, except for proceedings to enforce the Settlement (all of the foregoing are "Released Defendants' Claims").

g. Defendants are hereby barred and permanently enjoined from commencing, instituting, asserting, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Defendants' Released Claims against Lead Plaintiffs or Plaintiffs' Counsel.

h. The Court will enter separate orders ruling on the Plan of Distribution and the Fee and Expense Petition. Such rulings shall not disturb or affect this Order.

i. Except as otherwise expressly provided herein, this Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

2. a. shall not be offered or received against Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of Defendants with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or of any liability, negligence, fault or wrongdoing of Defendants;

3. b. shall not be offered or received against Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

4. c. shall not be offered or received against Defendants or against Lead Plaintiffs or any other Class Members for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that if this Stipulation is approved by the Court, Defendants may refer to them to effectuate the liability protection granted them hereunder;

5. d. shall not be construed against Defendants, Lead Plaintiffs or any other Class Members for any purpose, including without limitation as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and/or

6. e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or other Class Members or any of them as evidence of any infirmity in their claims or that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount.

a. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (c) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties has been performed pursuant to the Stipulation; and (d) all Parties, for the purpose of enforcing and administering the Stipulation and the Settlement.

b. In the event that this judgment does not become Final in accordance with ¶ IV(A)(18) of the Stipulation, and the Effective Date in accordance with ¶ IV(H)(1) of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Action shall return to its status as of the date and time immediately prior to execution of the Stipulation.

12. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 14, 2017.

# Exhibit 1

## Persons Excluded from the Class Pursuant to Request

1. Brian J. Cecil
   Alexandria, VA

2. Merle L. Bourn
   Leesburg, FL

3. Robert V. Robinson
   Betty S. Robinson
   Concord, NC