UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BEAVER COUNTY EMPLOYEES' RETIREMENT FUND; ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM; and LUC DE WULF, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>TILE SHOP HOLDINGS, INC.; ROBERT A. RUCKER; THE TILE SHOP, INC.; TIMOTHY C. CLAYTON; PETER J. JACULLO III; JWTS, INC.; PETER H. KAMIN; TODD KRASNOW; ADAM L. SUTTIN; WILLIAM E. WATTS; ROBERT W. BAIRD & CO. INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; CJS SECURITIES, INC.; HOULIHAN LOKEY CAPITAL, INC.; PIPER JAFFRAY & CO.; SIDOTI & COMPANY, LLC; TELSEY ADVISORY GROUP LLC; and WEDBUSH SECURITIES, INC.,<br><br>          Defendants. | Case No. 0:14-cv-00786-ADM-TNL |

## **ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

This matter is before the Court on Class Counsel's Motion for Attorneys' Fees and Expenses and Reimbursement of Class Representatives' Costs and Expenses, filed on March 20, 2017 [Docket No. 389]. All capitalized terms used herein have the meanings set forth in the Stipulation of Settlement [Docket No. 381], dated January 13, 2017, and filed the same day. The Court having considered all papers filed and proceedings had

herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

THE COURT HEREBY FINDS AND CONCLUDES that:

1. The Court has jurisdiction to enter this Order awarding attorneys' fees and expenses and over the subject matter of the Action and all parties to the Action, including all Class Members.

2. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Order Preliminarily Approving Settlement and Providing for Notice and Settlement Hearing dated January 19, 2017 [Docket No. 384] (the "Preliminary Approval Order"), due and adequate notice was directed to all Class Members, including individual notice to those Class Members who could be identified through reasonable effort, advising them of Class Counsel's requests for attorneys' fees and expenses and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class, and of their right to object thereto, and a full and fair opportunity was accorded to Class Members to be heard with respect to the requests for attorneys' fees and expenses, and there were no objections to the requests for attorneys' fees and expenses.

3. Plaintiffs' counsel request an attorney fee award of 24% of the Settlement Fund plus expenses in the amount of $913,028.91, in addition to the interest earned thereon at the same rate and for the same period as that earned on that portion of the Settlement Fund until paid. When a district court has certified a class action, "the court

may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

4. An award of attorney fees is committed to the sound discretion of the district court. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1157 (8th Cir. 1990). In the Eighth Circuit, use of a percentage method of awarding fees is "well established." Id. Although "[t]he Eighth Circuit has not expressly laid out factors that a district court must consider when determining whether a percentage of the common fund is reasonable, . . . this District has relied on factors set forth by other Circuits, including the following:

> 5. (1) the benefit conferred on the class; (2) the risk to which plaintiffs' counsel was exposed; (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; (5) the time and labor involved; (6) the reaction of the class; and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases.
> 6.
> 7. Khoday v. Symantec Corp., No. 2016 WL 1637039, at *9 (D. Minn. April

5, 2016) (quoting Yarrington v. Solvay Pharm., Inc., 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010).

    8. A. The Benefit to the Class

9. The benefit to the Class is of significant importance in assessing the reasonableness of the attorneys' fee request. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). In this case, the parties were represented by skilled and experienced attorneys, the claims were pursued with the assistance of respected experts, and the Settlement was achieved through multiple mediation sessions with specialized mediators. The $9.5 million Settlement Fund represents a significant percentage of the Class' estimated

damages, exceeding the median recovery of estimated damages in similar securities class actions settled in 2016.  This factor supports the reasonableness of the percentage award.

  10. B. The Risk to Which Plaintiffs' Counsel was Exposed

  11. Plaintiffs' counsel, in taking this case on a contingent fee basis, was exposed to significant risk, including floating the cost of litigation to a trial-ready posture without any guarantee of eventually prevailing.  See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig., 364 F. Supp. 2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees.").  Class Counsel have expended nearly $12 million in lodestar attorney fees as well as incurring more than $900,000 in expenses.  Securities cases are complex and difficult to prosecute, and the threat of litigating a case for years and recovering nothing is a very real possibility.  See id. ("The risk of no recovery in complex cases of this sort is not merely hypothetical.  Precedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy.").

  12. In this case, Class Counsel survived a motion to dismiss, obtained class certification, and had briefed opposition to Defendants' summary judgment motion.  At each step, Class Counsel faced the real risk of losing all or a significant portion of the lawsuit.  In sum, the Court finds that the significant risk undertaken by Class Counsel supports the reasonableness of the 24% attorneys' fees award.

  13. C. The Complexity of the Factual and Legal Issues

14. Securities claims proceeding as a class action present complex and novel issues, and successfully prosecuting these types of actions has become more difficult with the adoption of the Private Securities Litigation Reform Act ("PSLRA"). See In re Ikon Office Sols., Inc. Sec. Litig., 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA.").

15. This case in no exception. As noted above, Plaintiffs' success required favorable outcomes on several highly contested issues, including scienter, materiality, and loss causation. Prior to settlement, Class Counsel survived a motion to dismiss, engaged in intensive fact and expert discovery, and successfully achieved nationwide class certification comprised of two different classes. This factor weighs in favor of the fees requested by counsel.

16. D. Skill of the Lawyers Involved

17. Counsel prosecuting and defending this case have significant experience representing shareholders and publicly traded companies in securities class actions. This case has been heavily and effectively litigated from its inception, and the written and oral advocacy were high quality. Significantly, opposing counsel demonstrated considerable diligence by working together to resolve this matter short of trial. Obtaining this resolution was hard fought and was likely secured by the professionalism and skill of counsel for all parties involved. This factor supports awarding the requested 24%.

18. E. The Time and Labor Involved

19. This case has been heavily litigated since being filed in 2013. In that time, Defendants have presented significant challenges to Plaintiffs' case that demanded

thorough and detailed responses. In total, Plaintiffs' counsel and their paraprofessionals have spent over 23,000 hours in prosecuting this action, resulting in a lodestar exceeding $12 million. In the face of the requested fee amount, the time and labor Plaintiffs' counsel expended prosecuting this action supports their request.

20. F. The Reaction of the Class

21. Not a single Class Member has objected to Class Counsel's motion for attorneys' fees and expenses, including the request for reimbursement of costs and expenses to Class Representatives. The lack of objections is strong evidence that the requested amount of fees and expenses is reasonable. See 9-M Corp. v. Sprint Commc'ns Co. L.P., No. 11-3401, 2012 WL 5495905, at *3 (D. Minn. Nov. 12, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

22. G. The Comparison to Similar Cases

23. The requested 24% award is in line with other similar cases. In this district, "courts 'have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in class actions.'" Yarrington, 697 F. Supp. 2d at 1064 (quoting In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002)). In securities class action cases with settlement awards between $5 million and $24 million, where this Settlement falls, the median fee award was between 27.5% and 30% of the settlement amount. See Dr. Stefan Boettrich & Svetlana Starykh, Recent Trends in Securities Class Action Litigation: 2016 Full-Year Review at 39, Fig. 32 (NERA Jan. 23, 2017).

24. The Court awards the following amounts from the Settlement Fund to Class Representatives as reimbursement for their reasonable costs and expenses directly related to their representation of the Class: $3,142.59 to Beaver County Employees' Retirement Fund, $5,239.10 to Erie County Employees' Retirement System, and $10,000.00 to Luc DeWulf.

25. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application will in no way disturb or affect the finality of the Final Judgment Order entered with respect to the Settlement.

26. The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

27. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

28. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 14, 2017.